# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**SHARON M. PHILLIPS,**

        **Plaintiff,**

**-vs-**                                              **Case No. 6:04-cv-1430-Orl-DAB**

**CERTAIN UNDERWRITERS AT**
**LLOYD'S LONDON, GALLAGHER**
**BASSETT SERVICES, INC.,**

        **Defendants.**

_____

## ORDER

This cause came on for consideration without oral argument on the following motions filed herein:

> **MOTION:**    **MOTION FOR ATTORNEY FEES AND COSTS (Doc. No. 45)**
>
> **FILED:**    October 28, 2005
>
> _____
>
> **THEREON** it is **ORDERED** that the motion is **DENIED** as moot.

> **MOTION:**    **AMENDED MOTION FOR ATTORNEY FEES AND COSTS (Doc. No. 46)**
>
> **FILED:**    November 3, 2005
>
> _____
>
> **THEREON** it is **ORDERED** that the motion is **GRANTED** in part and **DENIED** in part.

The motions follow the Court's issuance of a Memorandum Opinion and Order, in which the Court found that Plaintiff was entitled to recover $150.00 for the unpaid bill of Dr. Hanna; $600.00

for the unpaid bill of Dr. Murrah; interest on the adjusted accrued indemnity benefits; and attorney's fees (Doc. No. 44).  As the amount of any award of interest and attorney's fees was not adequately presented to the Court at the time of the bench trial on stipulated facts, the Court ordered the parties to follow a specified procedure:

> Thus, the Court grants entitlement, but directs the parties to confer regarding a stipulated amount, if possible, to be included in the final judgment in this matter, and to file a notice reflecting the amount within 14 days of this Order. The Court advises that the amount should take into consideration the rather limited recovery had by the Plaintiff, as well as the modest scope of the contested issues. The Court's inclination is to award only a modest fee.
>
> To the extent the parties cannot agree on an amount, Plaintiff may file a motion, supported by affidavits or such evidence as Plaintiff wishes to be considered, within 14 days of this Order. Defendant may file a response within 11 days thereafter. The parties should proceed in similar fashion with respect to the calculation of interest. Upon resolution of the outstanding interest and attorney's fee issues, the Court will direct the Clerk to enter final judgment in favor of Plaintiff, consistent with the above.

(Doc. No. 44 at 10).

Plaintiff filed the instant motions, in lieu of a notice of a stipulated amount. The amended motion seeks an award of $15,000 in fees, plus a multiplier of 1.5 "because of the contingency nature of the fee and the nature of the coverage issues," and taxable costs in the amount of $1,530.75.  The amended motion is **granted, in part and denied, in part.**

*Calculation of Interest*

Despite the clear instructions in the Court's Order, Plaintiff submitted no papers directed to the appropriate calculation of interest owed.  In their response brief (Doc. No. 49), Defendants assert that the interest on past due indemnity at ten percent for $34.12 a week over 72 weeks totals $157.68.[1]

---

[1] No explanation is given as to how Defendants arrived at this number.

In lieu of any itemization of the claim by Plaintiff, and in the absence of any contradictory calculation, the Court accepts this figure as the amount due in unpaid interest, and awards damages in the total amount of **$907.68 ($157.68 plus $600.00 for Dr. Murrah plus $150.00 for Dr. Hanna).**

*Attorney's Fees*

Despite the Court's stated intention to award a modest fee, Plaintiff seeks an award well in excess of $15,000, based on an hourly rate of $350 to $400 per hour, and 55.20 claimed hours. (Doc. No. 46, Exhibit 1 and Doc. No. 47). As Defendants correctly note, this amount is 100 times what Plaintiff, herself, will receive in damages ($157.68, excluding the amount owed to Drs. Murrah and Hanna). Moreover, the claimed hourly rate is over twice that amount. The statute on which Plaintiff's entitlement to fees is based provides for "a reasonable sum as fees or compensation for the insured's attorney prosecuting the suit." Fla. Stat. § 627.428(1). While the Court is mindful that counsel undertook this representation on a contingency fee basis, and no doubt anticipated a much larger recovery, a fee of over $15,000 to recover well less than $1,000 is simply not reasonable.

"The starting point in fashioning an award of attorney's fees is to multiply the number of hours reasonably expended by a reasonable hourly rate." *Loranger v. Stierheim*, 10 F.3d 776, 781 (11th Cir. 1994) (per curiam); *see also Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *American Civil Liberties Union of Georgia v. Barnes*, 168 F.3d 423 (11th Cir.1999). A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience and reputation. *Gaines v. Dougherty County Board of Education*, 775 F.2d 1565, 1571 (11th Cir. 1985).

Factors to be considered when setting a fee include: 1) the time and labor required; 2) the novelty and difficulty of the issues; 3) the skill required to perform the legal services properly; 4)

preclusion of other employment; 5) the customary fee; 6) whether the fee is fixed or contingent; 7) time limitations imposed by the client or circumstances; 8) the amount involved and the results obtained; 9) the experience, reputation and ability of the attorneys; 10) the undesirability of the case; 11) the nature and length of the professional relationship with the client; and 12) awards in similar cases. *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974). The going rate in the community is the most critical factor in setting the fee rate. *Martin v. University of South Alabama*, 911 F.2d 604, 610 (11th Cir. 1990).

Applying the above factors, the Court notes that the case was expeditiously handled and was settled, in large measure, at mediation. The issues were not particularly complex, and while Mr. Pitts is certainly well-qualified, no exceptional skill was required, above that expected by any competent member of the bar. The Court notes that Mr. Pitts brought the case to a successful conclusion, although the amount involved and the results obtained, while no doubt important to his client, were relatively small.[2] There is no evidence that time limitations were a critical factor, nor is there any suggestion that the case was undesirable or that the nature and length of the professional relationship between Mr. Pitts and his client was significant to this calculation.

While Mr. Pitts avers that, in his opinion, a reasonable hourly fee is $350.00 to $400.00 per hour, the Court finds that such a rate is not warranted. On one hand, the rates suggested by Plaintiff are within the range of rates charged for reasonably complex federal litigation matters by attorneys with like experience and skills, albeit, at the high end of the range. On the other hand, pursuit of routine benefits differs from, say, antitrust or complex commercial litigation, and the rates claimed

---

[2] Although it was represented by Defendants that the amount at issue exceeded the jurisdictional requirement for purposes of removal, in actuality, the true amount in dispute was significantly less, as is evident by the settlement and prior Court Order.

by Plaintiffs' counsel well exceed those a reasonable plaintiff would be willing (or able) to pay for the type of services provided. Indeed, there is no evidence in the record that Mr. Pitts has ever been paid $350 or $400 an hour by any client, or awarded same by any court. Defendants also correctly note that the amount of hours claimed should not include hours that predate the litigation, nor hours spent on unsuccessful motions or unrelated matters.

In view of all of the foregoing, the Court finds that a reasonable fee in this matter is $2,500.00, an amount which reflects a more reasonable rate and the amount of hours reasonably expended, in view of the minimal recovery had and the history of the dispute.[3] As for costs, Plaintiff has provided limited information in the form of what appears to be a billing chart. The amount claimed by the Plaintiff in her motion is not the amount set forth in the billing chart, and the description of the costs is insufficient to determine whether the costs are recoverable. The claim for costs is denied, without prejudice to the filing of a Bill of Costs, as set forth in the Federal Rules of Civil Procedure and the Local Rules of this Court.

**The Clerk is therefore directed to enter judgment for Plaintiff in the amount of $907.68 in damages and $2,500.00 for attorney's fees.** Costs may be taxed in the normal course, as provided in the Federal Rules of Civil Procedure and the Local Rules and not by motion.

**DONE** and **ORDERED** in Orlando, Florida on November 30, 2005.

*David A. Baker*
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

---

[3] As set forth in the prior Order, Defendants paid indemnity benefits, albeit in an incorrect amount, up until the Plaintiff's institution of the Worker's Compensation claim. Plaintiff filed suit immediately after the denial of the worker's compensation claim, thus depriving Defendants of an opportunity to reinstate benefits prior to suit. Although the Court found that the claim was, in part, denied by defendants' actions in continuing the litigation, there is no indication that Defendants were acting in bad faith or otherwise vexatiously multiplying the proceedings.

Copies furnished to:

Counsel of Record